IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J.E., a MINOR CHILD, by her Mother and next friend, JUANITA EVANS, | ) ) ) ) | |
| Plaintiff, | ) ) | No. **1:23-CV-02274** |
| v. | ) ) | JURY TRIAL DEMANDED. |
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, a Body of Politic, | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, J.E., a Minor, by her mother and next friend, JUANITA EVANS, by and through her attorneys, GAINSBERG LAW, P.C., complaining of Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, a Body Politic ("CHICAGO BOARD OF EDUCATION") and states as follows:

## INTRODUCTION

1. This case is about a disabled student, Minor Child J.E., whom underwent an Initial Individual Education Program evaluation (IEP) for her developmental and functional needs due to her developmental delay disability. Per the IEP, J.E. was to be to be provided general supervision while on the playground and did not receive general supervision while she was playing on the playground at Stagg Elementary School, and as a result fell on the playground and sustained a fractured arm, because-of the lack of enforcement of the IEP provided accommodations of J.E., when the Defendant, The City of Chicago Board of Education (CPS), individually and by and through its agent and/or employee, the teacher of disabled student J.E. at Stagg Elementary School,

chose to fail to administer the reasonable accommodations required by the IEP. Without the enforcement of the IEP outlined accommodations for J.E.'s developmental delay disability, J.E. cannot attend an assigned CPS public school that will provide the reasonable modifications of the special education program, and cannot meaningfully benefit from the special education program CPS has offered, including the IEP.

2. Plaintiff, Minor J.E. and the J.E.'s Mother and Next friend, Plaintiff, JUANITA EVANS, seek compensatory damages, declaratory relief and injunctive relief ordering CPS to adjust its administrative system so that the disabled student J.E. can resume her special education program and receive the special education program and related services CPS is to provide under the IEP. Specifically, the general supervision of J.E. while playing on the playground at Stagg Elementary, per the IEP, which the Defendant agreed to provide as part of student's special education program.

## JURISDICTION AND VENUE

3. This is an action for declaratory and injunctive relief, brought pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 for claims arising under the ADA. This Court has supplemental jurisdiction under 28 U.S.C §1367(a) over claims arising under Illinois state law.

5. Jurisdiction under 28 U.S.C. § 1331, which gives district courts original jurisdiction over all civil actions arising under the laws of the United States. Specifically, Plaintiff's causes of action seek to redress deprivations of their rights pursuant to the ADA.

6. This Court has jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure.

7. Therefore, this Court has jurisdiction over J.E.'s claims pursuant to 28 U.S.C. § 1331 (conferring jurisdiction over civil actions arising under laws of the United States) and 28 U.S.C. § 1343(a)(3) (conferring jurisdiction over civil actions to redress the deprivation, under color of any state law of any right secured by any Act of Congress providing for equal rights of citizens) since they arise under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District. The Defendant is located within this District and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

9. Therefore, this Court is the appropriate venue under 28 U.S.C. § 1391(b), in that the Defendant is subject to personal jurisdiction in this District and the events giving rise to this Complaint occurred in this District.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois and Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body of Politic, is located in the Northern District of Illinois.

**PARTIES**

11. Initials are used throughout this Complaint to preserve the confidentiality of the minor child Plaintiff in conformity with the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

12. Minor Child. J.E., is a five-year-old student with a developmental delay disability.

13. Minor Child, J.E. resides in Chicago, in the Northern District of Illinois.

14. Plaintiff, JUANITA EVANS ("Ms. Evans") is the mother and parent of Minor J.E., a child with a disability who resides in Chicago.

15. Plaintiff, JUANITA EVANS child, J.E., is a student of CPS who qualifies for a CPS special education program, including an Individualized Education Plan ("IEP") in connection with her developmental delay disability.

16. J.E. is a five-year-old student who has developmental delay disabilities.

17. Defendant, THE BOARD OF EDUCATION OF CITY OF CHICAGO is the legal entity for Chicago Public School District 299 (referred to throughout as "CPS"), which is a school district located in the Northern District of Illinois organized pursuant to the Illinois School Code.

18. Defendant, THE BOARD OF EDUCATION OF CITY OF CHICAGO, subject premises, Stagg Elementary School, is a "public entity" within the meaning of Title II of the ADA, as that term is defined under 42 U.S.C. § 12131(1).

19. Defendant CHICAGO BOARD OF EDUCATION, also known as Chicago Public Schools ("CPS"), is constituted within Illinois for administrative control and direction of public elementary schools in the City of Chicago, which is located in the Northern District of Illinois. CPS is a "public entity" as defined by Title II of the ADA. 42 U.S.C. § 12131(1).

4

**LEGAL FRAMEWORK**

20. The IEP must set forth all special education and related services the school district will provide as well as the student's educational goals. 34 C.F.R. § 300.320(a)(4).

21. Under the federal law, a school district must locate, identify, and evaluate all children with disabilities. 20 U.S.C. § 1412(a)(3).

22. Once a school district has evaluated a child with disabilities and found her eligible, the district must provide an Individualized Education Program ("IEP") that meets the student's unique educational needs. 20 U.S.C. § 1400(d).

23. The creation, revision, and implementation of an Individualized Education Program ('IEP') for a student in a special education program is a highly individualized process that is entirely dependent upon the specific needs of the student and her unique academic and social needs.

24. Once the services to be provided under the IEP have been determined, the IEP team must decide where the special education program will be provided.

**FACTUAL ALLEGATIONS**

25. Following the completion of a CPS Initial Individual Education Program (IEP) evaluation to adequality address her educational, developmental, and functional needs due to her developmental delay disability J.E. transitioned from Early Intervention services when she was three years old.

26. In August 2021, J.E. began attending half-days at the Building Blocks Learning Academy, which referred J.E. to the CPS special education program. See Exhibit A at IEP_00023.

5

27. The Building Blocks Learning Academy is located 1120 West 69th Street, in the City of Chicago, County of Cook, and State of Illinois.

28. On November 12, 2021, J.E. was evaluated for a Head Start screening by Building Blocks Day Care, a therapeutic day school, and exhibited concerns with cognitive/academic skills, communication, motor skills and social emotional functioning. Based upon J.E.'s Head Start screening she was referred for a full evaluation for an Individual Education Program (IEP). *See* Exhibit A at IEP_00017.

29. On March 21, 2022, J.E. was evaluated for a CPS Initial Individual Education Program (IEP), attached hereto as Exhibit A.

30. During J.E.'s IEP initial IEP evaluation she exhibited weak vocabulary skills, her speech was not always clear, and she had difficulty with fine motor skills and grasping. *See* Exhibit A at IEP_00002.

31. Based on J.E.'s academic, developmental, and functional needs due to her developmental delay disability, J.E.'s IEP evaluation determined she required one on one support on a daily basis. *Id.*

32. J.E.'s IEP developmental and functional needs portion of the evaluation indicated J.E. was able to access the school environment and "able to play on a playground given general supervision." *See* Exhibit A at IEP_00003.

33. J.E.'s IEP evaluation determined her developmental delay disability would be most appropriately addressed by modifications or accommodations for specialized instruction relating to independent functioning and educational areas.

6

34. J.E.'s IEP evaluation further determined a general education with special education support over 60% of the school day outside of the general education setting in a general education school was the most appropriate placement for J.E. and assigned the CPS school Stagg Elementary. *See* Exhibit A at IEP_00027— IEP_00029.

35. J.E.'s IEP evaluation determined J.E.'s level of academic achievement and functional performance necessitated special education services to address J.E.'s developmental and functional needs based on her developmental delay disability. *See* Exhibit A at IEP_00003.

36. The IEP program was to be implemented from March 21, 2022, to March 21, 2023. *See* Exhibit A at IEP_00001.

37. During this time, Defendant, was to assign J.E. to a CPS public school that would enforce the reasonable modifications and accommodations as specified in J.E.'s IEP, in order to effectively provide the benefits of the CPS special education program to J.E.

38. That on April 28, 2022, and at all times relevant herein, Stagg Elementary School located at 7424 South Morgan Street, City of Chicago, County of Cook and State of Illinois. ("Stagg Elementary School") constitutes a CPS public school that provides a special education program.

39. On April 28, 2022, J.E. was four years old and began attending the CPS assigned public school, Stagg Elementary School and participating in a CPS special education program during half of the days of the school week, pursuant to the IEP.

40. That on April 28, 2022, and at all times relevant herein, Stagg Elementary School was required to enforce the modifications outlined in the IEP when J.E. was attending the special

7

education program, in order to adequately accommodate J.E.'s unique academic and functional needs based for her developmental delay disability.

41. On May 31, 2022, minor J.E. was playing unsupervised on the playground at Defendant's subject premises, Stagg Elementary School, when she attempted to step onto the playground set that had a step that was too high for her to reach, and fell, resulting in J.E. sustaining a fracture in her right arm, despite the accommodations in her Individual Education Program (IEP, specifying J.E. was to be provided general supervision while playing on the playground. *See* Complaint, ¶32.

42. On May 31, 2022, following the fall on the playground of J.E. on the playground unsupervised, Mrs. Evans was contacted by Defendant's employee and/or agent, the special education teacher of J.E. while attending Stagg Elementary School, "Miss. A," via text message at 2:24 p.m., "Mrs. A" informed Mrs. Evans that J.E. needed to be picked up because J.E. had been crying for "about 20 min" after J.E. had "went outside to play on the playground and she couldn't get on one of the playground sets because it was too high, and she was upset and hasn't stopped crying since." *See* Exhibit B.

43. According to the Centers for Disease Control and Prevention, each year in the United States emergency departments treat more than 200,000 children ages 14 and younger for playground-related injuries. At all relevant times herein, Defendant was well aware that students are regularly injured on playgrounds.

44. The playground at issue was inherently dangerous with large concrete steps, climbing devices, and uneven surfaces which pose a safety danger to young children, especially disabled children.

8

45. On May 31, 2022, "Mrs. A" further informed Mrs. Evans via text message at there was 6 teachers outside at the time and none of them saw anything happen to J.E. *See* Exhibit C.

46. When Mrs. Evans informed "Mrs. A" that J.E. had been constantly crying since picking her up from Stagg Elementary School and waking up from her nap crying. *See* Exhibit C and Exhibit D.

47. On May 31, 2022, "Mrs. A" informed Mrs. Evans that she was not sure and didn't think that J.E. got hurt and that "there was 6 teachers outside and none of us saw anything happen to her." *See* Exhibit D, Exhibit E. When Mrs. Evans expressed further concern to "Mrs. A" regarding J.E.'s arm, "Mrs. A" asked Mrs. Evans if J.E. was able to move her arm and informed Mrs. Evans that neither "Mrs. A" nor the 6 other teachers outside while J.E. was on the playground had seen J.E. fall. *See* Exhibit E.

48. J.E. did not return to CPS assigned public school, Stagg Elementary School, following the alleged incident on May 31, 2022.

## LEGAL CLAIMS

### COUNT I
### VIOLATION OF AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12101, *et. seq.*

49. Plaintiff, J.E., a Minor, by her mother and next friend, JUANITA EVANS re-allege and incorporate herein all each and every allegation in the foregoing paragraphs as if specifically alleged herein.

50. The ADA contains four substantive titles that address discrimination in the areas of employment, public services, public accommodations, and telecommunications. 42 U.S.C. §

12101 *et seq.* Plaintiff, J.E., a Minor, by her mother and next friend, JUANITA EVANS, brings this complaint under Title II of the ADA which governs public services and protects disabled individuals from being denied the benefits of the services provided by a public entity based on the individual's specific disability's needs, specifically, the enforcement of the IEP.

51. The law governing Title II of the ADA is found at 42 U.S.C. §12131 *et seq.* and the implementing regulations are codified at 28 C.F.R. §35.101 *et seq.*

52. Title II of the ADA states, in pertinent part:

> "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity."

42 U.S.C §12132.

53. Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, prohibits a public entity from excluding a person with a disability from participating in, or otherwise benefitting from, a program of the public entity, or otherwise discriminating against a person on the basis of disability. *Id.*

54. The term "disability" includes physical and mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(2). Further, a " 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

10

55. J.E. is at all times relevant to this action, a "qualified individual with a disability" within the meaning of Title II of the ADA. J.E. is an individual with a developmental delay disability, and was placed in a non-public school special education program at Stagg Elementary School, by Defendant, and thus, qualified—with or without reasonable modification—to participate in the programs, services, and activities of Defendant.

56. A "public entity" is defined to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1).

57. Defendant, at all times relevant to this action, is a "public entity" within the meaning of Title II of the ADA, as that term is defined under 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

58. Pursuant to the ADA, CPS cannot deny a person with disability "the benefits of [its] services, programs, or activities." 42 U.S.C. § 12132.

59. Defendant's CPS assigned public school special education program at Stagg Elementary School, including the enforcement of the IEP for a disabled student, constitutes "services, programs or activities" within the meaning of Title II of the ADA. 42 U.S.C. § 12132.

60. Defendant placed J.E.—because of her developmental delay disability—in the CPS public school, Stagg Elementary School, after determining that such placement was necessary to provide her an adequate special education program.

61. The ADA requires CPS to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

11

62. Due to Defendant's status as a "public entity," Defendant is prohibited from denying J.E. the benefits of the special education program that is necessitated by J.E. for her developmental delay disability at the CPS assigned public school special education program at Stagg Elementary School.

63. Specifically, CPS cannot deny Minor Child J.E.'s of her rights under Title II of the ADA and its regulations, including J.E.'s IEP accommodations by failing to provide the general supervision required by IEP services for J.E.'s developmental/functional needs, per the Individual Education Program's (IEP), specifically requiring J.E. to be under general supervision when she is on the playground at Stagg Elementary School. *See* Exhibit A at IEP_00003.

64. Plaintiff, Juanita Evans is an aggrieved person within the meaning of the ADA.

65. Defendant violated J.E.'s rights under Title II of the ADA and its implementing regulations by denying her of the benefits of Defendant's special education program, by failing to enforce the accommodations contained in the IEP. Specifically, Defendant failed to provide general supervision of J.E. while she was on the playground, which resulted in J.E. falling on the playground and sustaining a right arm fracture.

66. Defendant violated J.E.'s rights under Title II of the ADA and its regulations by failing to provide services necessary to ensure Defendant's agents and/or employees, the special education program teacher of J.E. at Stagg Elementary School, was acting in compliance with the IEP, specifically, the IEP section addressing developmental/functional needs due to her disability, required J.E. to be provided general supervision while J.E. was on the playground. *See* Exhibit A at IEP_00003.

67. Defendant exhibited bad faith and/or gross misjudgment in engaging in the conduct that violated J.E.'s rights under Title II of the ADA.

68. Defendant acted with deliberate indifference toward J.E.'s rights protected by Title II of the ADA.

69. Defendant is denying J.E. and Plaintiff Juanita Evans of the benefits of the CPS non-public school special education program, specifically, the enforcement of J.E.'s IEP, by refusing to modify the administrative process to enforce the accommodations contained in the IEP for a special education program in such a manner that would allow J.E. to receive the general supervision at the school placement directed by her IEP.

70. Defendant's acts and omissions, individually, and by and through its agents and/or employees, constitutes a violation of J.E.'s and Juanita Evans rights under the ADA. Defendant's conduct constitutes an ongoing and continuous violation of the ADA, and unless restrained and enjoined from doing so, Defendant's will continue to violate the ADA by failing to enforce the IEP required services to J.E. while attending the CPS special education program. Defendant's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which the Plaintiffs have no adequate remedy at law.

71. Due to Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, individually and by and through its' agents and/or employees, violation of Title II of the ADA, J.E. sustained a fracture in her right arm, specifically, a shaft fracture to her right ulna, has suffered and continues to suffer mental and emotional anguish, and Plaintiff, Juanita Evans, was caused to incur and pay medical and hospital expenses.

## COUNT II
## DECLARATORY RELIEF

72. Plaintiff, J.E., a Minor, by her mother and next friend, JUANITA EVANS, re-alleges and incorporates herein all previously alleged paragraphs in this Complaint.

73. Defendant has failed and is failing to comply with applicable laws prohibiting the denial of benefits provided by Individualized Educational Programs by CPS children with disabilities in violation of the ADA, 42 U.S.C. § 12101 *et seq.*

74. Defendant THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, denies that they have failed to comply with the IEP, specifically, the Access to School Environment portion of the evaluation which requires J.E. to be under general supervision while playing on the playground. See Exhibit A, at IEP_00003.

75. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Plaintiff, J.E., a Minor, by her mother and next friend, JUANITA EVANS, respectfully requests that this Court:

   a. Enter a preliminary and permanent injunction requiring Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO to stop denying students with disabilities placed in non-public schools the enforcement of the IEP of J.E. in accordance with the ADA, 42 U.S.C. § 12131;

   b. Issue a judgment requiring Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO to compensate Plaintiffs, JUANITA EVANS due to J.E. attending a CPS assigned public school and failed to receive the general supervision while attending the special education program and failed to enforce the guidelines of J.E.'s IEP for the 2022-2023 school year;

    c. Retain jurisdiction over this case until Defendant, THE BOARD OF EDUCATION FO THE CITY OF CHICAGO has complied with the orders of this Court and there is a reasonable assurance that Defendant, THE CHICAGO BOARD OF EDUCATION OF THE CITY OF CHICAGO will continue to comply in the future, absent continuing jurisdiction;

    d. Award attorneys' fees and costs, as provided by statute and law;

    e. Compensatory damages associated with pursuing litigation in seeking the enforcement of the IEP guidelines of Plaintiff Minor J.E. to be enforced by its' terms by Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO*;* and

    f. Grant any such other relief as the Court finds just and proper.

## COUNT III
## COMMON LAW CLAIM FOR WILLFUL/WANTON CONDUCT
*Illinois State Law Claim*

76. That on May 31, 2022, and for some time prior and subsequent thereto, the Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, individually and through its agents, herein owned, leased, operated, managed, maintained and controlled and/or otherwise contracted to own, lease, operate, manage, maintain and control the CPS "therapeutic day program" at the subject premises, Stagg Elementary Community Academy, located at 7424 South Morgan Street, City of Chicago, County of Cook and State of Illinois, together with the passages, areaways, and appurtenances thereof and threat.

77. That on said date of May 31, 2022, J.E. was legally and lawfully in and upon the Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO premises, the Stagg Elementary School participating in a mentor "therapeutic day school" per the IEP outlining J.E.'s academic, developmental, and functional educational needs based on her developmental delay disability. *See* Exhibit A.

15

78. That at all times relevant herein, agent and/or employee of Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO was acting within the scope of her employment and/or agency with Defendant as a teacher in the "therapeutic day school" program for pre-K students at Stagg Elementary School located at 7424 South Morgan Street, City of Chicago, County of Cook and State of Illinois.

79. That on said date of May 31, 2022, the Defendant's agent and/or employee, teacher of disabled student J.E. at Stagg Elementary School, while J.E. was on playing on the playground was required to comply with the IEP (Exhibit A) provided modifications or accommodations for specialized instruction relating to independent functioning and educational areas developmental, and functional needs developmental delay disability necessitated by J.E., specifically, to provide J.E. general supervision while on the playground, while she attended Stagg Elementary School located at 7424 South Morgan Street, City of Chicago, County of Cook, and State of Illinois. *See* Exhibit A.

80. That on said date of May 31, 2022, the Defendant's agent and/or employee, instructor of J.E acted in her capacity as an employee and/or agent of THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, when J.E. was playing unsupervised on the playground at Stagg Elementary School, when J.E. attempted to step onto the playground set that had a step that was too high for her to reach, and fell, resulting in J.E. sustaining a fractured arm despite significant accommodations in J.E.'s Individual Education Program (IEP) specifying J.E. was to be provided general supervision while playing on the playground

81. At all times relevant hereto, Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO owed a duty to refrain from willful and wanton conduct so as not to create

a risk of harm to students or endanger the safety of students in the vicinity of Stagg Elementary School, specifically, J.E, a student with a developmental delay disability.

82. That in violation of said duty, the Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO by and through its agents, servants and/or employees in its behalf, committed one or more of the following willful and wanton acts or omissions:

   a. Willfully and wantonly allowed its employee and/or agent to fail to enforce significant accommodations for the developmental delay disability of J.E., as contained in J.E.'s Individual Education Program (IEP), when the teacher of J.E. at Stagg Elementary School failed to provide general supervision of J.E. while J.E. was on the playground and fell;

   b. Willfully and wantonly allowed a developmentally disabled 5 year old student whom cannot verbally communicate to be unsupervised on a playground that contained inherently dangerous safety and fall risks for minor children, when defendant knew that children regularly fall and are injured on playgrounds;

   c. Willfully and wantonly allowed its employee and/or agent to engage in improper conduct, specifically, the failure to provide general supervision of J.E. while J.E. was on the playground at Stagg Elementary, in violation of J.E.'s IEP, which constitutes an unsafe, intentional and/or reckless activity;

   d. Willfully and wantonly failed to provide a special education program student, J.E., a safe learning space free from harm resulting from unsafe, intentional and/or reckless activity, so as not to bring harm or injury to a disabled student with IEP guidelines in place requiring J.E. to be under general supervision while on the playground; and

   e. Willfully and wantonly failed to train, instruct, or requires its agents and/or employees as to the proper means and conduct, in their capacity as the teacher of J.E. at Stagg Elementary School, in the course of performance of employment related activities with Defendant, such as providing the services required by the IEP of a disabled student at Stagg Elementary School, specifically, J.E.

83. That as a direct and proximate result of this willful and wanton conduct on the part of the Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, individually

and by and through its agents, servants and/or employees in its behalf, caused Plaintiff, Minor Child J.E. to sustain personal injuries, Plaintiff, JUANITA EVANS as Mother of J.E. to incur and pay medical and hospital expenses relating to the medical care of the right arm fracture sustained by J.E., (*See* Exhibit G, Exhibit H) and to be absent from her usual pursuits for a period of time.

84. That JUANITA EVANS, parent of J.E. a minor, does hereby assign, transfer and relinquish to said minor Plaintiff, J.E. all rights to recover any monies expended and incurred and to be expended and incurred for services and treatment that has been and may be required by the minor Plaintiff.

**WHEREFORE**, the Plaintiff, J.E., a Minor, by her mother and next friend, JUANITA EVANS, demand judgment against Defendant, THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, a Body Politic, in an amount in excess of $75,000.00 dollars plus court costs, attorney's fees, and for whatever other relief this court deems just and appropriate.

      Respectfully submitted,

      GAINSBERG LAW, P.C.

      By:   /s/ Samantha Gutierrez
           Samantha Gutierrez
           Attorney for Plaintiff

Samantha Gutierrez
GAINSBERG LAW, P.C.
22 W. Washington Street, 15th Floor
Chicago, Illinois 60602
P: (312) 600-9585
F: (312) 757-4545
samantha@gainsberglaw.com
ARDC No. 6331363

18